IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TEAM SYSTEMS INTERNATIONAL, LLC, )
)
        Plaintiff, )
)
v. )   Case No. CIV-14-1018-D
)
JEFF HAOZOUS, also known as JEFF HOUSER, )
Individually, and in representative capacities, *et al.*, )
)
        Defendants. )

## **ORDER**

Upon examination of the Complaint, the Court finds insufficient factual allegations regarding the citizenship of the parties to establish diversity jurisdiction under 28 U.S.C. § 1332(a), which is asserted as the basis of federal subject matter jurisdiction.[1] *See* Compl. ¶ 3.

First, Plaintiff states that it is a limited liability company. Federal appellate courts have unanimously held that a limited liability company should not be treated like a corporation under 28 U.S.C. § 1332(c)(1), but like a limited partnership or other unincorporated association under *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).[2] The Complaint contains no information concerning the citizenship of Plaintiff's members and, therefore, fails to allege its citizenship.

---

[1] The Court has "an independent obligation to determine whether subject-matter jurisdiction exists" and may raise the issue *sua sponte* at any time. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006).

[2] *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *see also Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006); *General Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004); *GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004); *Handelsman v. Bedford Village Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

Second, the Complaint does not allege the citizenship of one or more defendants. Plaintiff purports to sue the Fort Sill Apache Business Committee and its alleged chairman Jeff Hauzous, also known as Jeff Houser, in his official capacity. A suit against a tribal government or a tribal officer in his official capacity is simply an action against the tribe. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent."). "[A]available authority holds that Indian tribes are not citizens of any state for purposes of diversity jurisdiction." *Gaines v. Ski Apache*, 8 F.3d 726, 729 (10th Cir. 1993); *see also Wells Fargo Bank v. Lake of the Torches Econ. Dev. Corp.*, 658 F.3d 684, 692 & n.9 (7th Cir. 2011) (citing cases)*; American Vantage Cos. v. Table Mountain Rancheria*, 292 F.3d 1091, 1098 (9th Cir. 2002). A stateless entity, like a state itself, is not a "citizen" of a state for purposes of diversity jurisdiction under § 1332. *See Moor v. County of Alameda*, 411 U.S. 693, 717 (1973).

Therefore, because the Complaint fails to allege subject matter jurisdiction, the Court directs Plaintiff to cure this deficiency by filing an amended complaint within 14 days of this Order.[3]

IT IS SO ORDERED this 23rd day of September, 2014.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] The Order is not intended to preclude a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1) if Plaintiff should determine that jurisdiction is lacking.