IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TEAM SYSTEMS INTERNATIONAL, LLC, | ) ) ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Case No. CIV-14-1018-D |
| JEFF HAOZOUS, ALSO KNOWN AS JEFF HOUSER, INDIVIDUALLY, AND AS PRESIDENT OF FORT SILL APACHE INDUSTRIES AND CHIEF EXECUTIVE OFFICER OF FORT SILL APACHE INDUSTRIES BOARD OF DIRECTORS, *et al.*, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is Plaintiff's Motion for Post-Trial Relief Pursuant to Federal Rule of Civil Procedure 59(e) [Doc. No. 43]. Defendants have timely opposed the Motion, which is fully briefed.[1]

### **Factual and Procedural Background**

Plaintiff Team Systems International, LLC commenced this breach of contract action against Jeff Haozous, also known as Jeff Houser (individually and in various representative capacities), Fort Sill Apache Business Committee, Fort Sill Apache Industries ("FSAI") and its board of directors, and Fort Sill Apache Casino. Upon examination of the Complaint, the Court found insufficient factual allegations to satisfy 28 U.S.C. § 1332(a), which was

---

[1] The time to file a reply brief pursuant to LCvR7.1(i) has expired with no filing by Plaintiff.

asserted as the basis of federal subject matter jurisdiction, and ordered Plaintiff to file an amended complaint. *See* Order of Sept. 23, 2014 [Doc. No. 7]. Plaintiff subsequently filed a First Amended Complaint and, with the Court's permission, a Second Amended Complaint to cure deficiencies in its pleading. The defendants named in the Second Amended Complaint subsequently filed a motion to dismiss the action for lack of jurisdiction under Rule 12(b)(1) and for failure to state a claim upon which relief could be granted under Rule 12(b)(6). Upon consideration of the jurisdictional motion, the Court viewed Plaintiff's pleading "as asserting claims against Chairman [Jeff] Haozous individually and FSAI," and rejected these defendants' claim of sovereign tribal immunity. *See* Order 5/7/15 [Doc. No. 34], pp.4, 7-11; *see also Team Sys. Int'l, LLC v. Haozous*, No. CIV-14-1018-D, 2015 WL 2132479, *2, *4-5 (W.D. Okla. May 7, 2015) (hereafter "Order").

Proceeding to address the sufficiency of the Second Amended Complaint under the Rule 12(b)(6) standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the Court found Plaintiff's pleading failed to state a claim "on which Chairman Haozous could be held personally liable." *See* Order, *6. The Court further found the factual allegations of the Second Amended Complaint, read in light of the unambiguous terms of the written contract between Plaintiff and FSAI, failed to state a plausible claim that Plaintiff was entitled to be paid contingent compensation for its services to FSAI, as asserted in Plaintiff's breach of contract claim. *See id*. *7-8. Finally, because Plaintiff did not move to amend its pleading and prior amendments had been ineffectual to state a plausible claim, the Court entered a judgment of dismissal. *Id*. *8 & n.4.

**Standard of Decision**

Plaintiff moves for relief from the judgment of dismissal under Fed. R. Civ. P. 59(e). The Court finds that Rule 59(e) governs its decision because the Motion was filed within 28 days after the judgment was entered, presents new factual allegations and arguments, and raises a new legal issue. *See Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Regis. Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011) ("A Rule 59(e) motion is the appropriate vehicle to correct manifest errors of law or to present newly discovered evidence.") (internal quotation marks omitted). Relief under Rule 59(e) may be warranted (1) when there has been a change in the controlling law, (2) when there is new evidence that was previously unavailable, or (3) when necessary to correct clear error or prevent manifest injustice. *See Somerlott v. Cherokee Nation Distribs., Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012); *see also Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (Rule 59(e) relief is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law." ).

**Discussion**

The only rulings challenged by Plaintiff in the instant Motion are the Court's findings: a) that the Second Amended Complaint failed to state a plausible claim for breach of the written contract between Plaintiff and FSAI (denominated the "Engagement Agreement"); and b) that granting Plaintiff another opportunity to amend its pleading was not warranted.[2]

---

[2] In addition to jurisdictional rulings regarding sovereign immunity, the Court found that FSAI's board of directors was not a suable entity and that Plaintiff's action against Chariman Haozous in his official capacities was an action against the entities of which he was an officer. Plaintiff does not seek to revisit these

(continued...)

A.  **Breach of the Engagement Agreement**

To establish the sufficiency of the Second Amended Complaint, Plaintiff presents additional legal arguments concerning construction of the Engagement Agreement. Plaintiff now argues that the Court erroneously focused on isolated terms of the contract rather than reading it as a whole, and gave the terms an unduly narrow meaning. Alternatively, Plaintiff argues that the operative terms of the Engagement Agreement are ambiguous or have a special meaning consistent with the parties' custom and usage, so extrinsic facts regarding the parties' prior dealings and understanding should be considered. To this end, Plaintiff submits an affidavit of FSAI's signatory to the Engagement Agreement, Don Wauahdooah, stating his view that Plaintiff's activities entitled it to receive contingent compensation.[3]

Notably, the Court summarized in its Order the parties' arguments regarding the sufficiency of the Second Amended Complaint under Rule 12(b)(6) as follows:

> Defendants contend that the facts alleged by Plaintiff fail to show a breach of the Engagement Agreement because Plaintiff was promised contingent compensation only if FSAI received "financing" from a "financing source" introduced by Plaintiff or if FSAI reached an agreement with a "strategic partner" introduced or developed by Plaintiff . . . . Defendants argue that the surety bonds Plaintiff allegedly obtained for FSAI do not constitute "financing" and that the primary subcontractor on the construction project was

---

[2](...continued)
issues or the individual liability of Chairman Haozous.

[3] Plaintiff also presents transcripts of certain testimony given by Mr. Wauahdooah and Chairman Haozous in prior litigation between FSAI and Plaintiff's principal, Deborah Mott. The two brief excerpts submitted by Plaintiff, however, concern terms such as "project" and "business development" whose relevance is unclear.

The Court also notes that Mr. Wauahdooah explains in his affidavit the circumstances surrounding his execution of the Engagement Agreement for FSAI that may arguably draw into question his authority to act, which was raised by Defendants in their jurisdictional motion regarding a waiver of tribal immunity. Therefore, reopening the case to consider this evidence might require the Court to revisit this issue as well.

4

> not a "strategic partner" of FSAI. Plaintiff disagrees with these contentions, but presents no legal authority for its position.

*See* Order, *6 (citation and footnote omitted). Further, after reciting the pertinent principles of Oklahoma law regarding contract interpretation, the Court observed:

> Plaintiff does not contend the terms "financing" and "strategic partner" as used in the Engagement Agreement have any technical or special meaning. Thus, the Court will read them in the context of the contingent compensation provision of the parties' contract according to their common and ordinary meaning. The parties do not contend there is any ambiguity in the contingent compensation provision of the contract, and the Court finds none.

*Id*. *7. The Court then looked to dictionary sources regarding the meaning of the operative terms and determined that the facts alleged in the Second Amended Complaint – Plaintiff assisted FSAI to obtain "financing" from a "financing source" by procuring payment and performance bonds and to obtain a "strategic partner" by locating a primary subcontractor for one project – did not show activities by Plaintiff that would entitle it to be paid contingent compensation under the Engagement Agreement. *See id*.

In seeking reconsideration, Plaintiff presents new arguments that the terms of the Engagement Agreement should be read broadly, such that "financing" includes surety bonds and "strategic partner" includes any contractual alliance, and that Plaintiff's alleged performance could be viewed as sufficient to satisfy the conditions for payment of contingent compensation through percentage fees. These arguments could have been – but were not – previously presented in opposition to FSAI's Rule 12(b)(6) motion. On the issue of whether the Second Amended Complaint stated a plausible claim, Plaintiff's prior position was stated in its entirety by two arguments: 1) "Defendants miss the mark when they argue, in words

5

or substance, that a bond is a type of insurance rather than part of a financial package, and the primary case they cite, *United Fire & Casualty Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951 (10th Cir. 2011), is not at all in point."; and 2) Plaintiff "was responsible for bringing in Phillips & Jordan, Inc. as FSAI's 'Designated Subcontractor,' meaning it was FSAI's strategic partner, a fee generating action by [Plaintiff]." *See* Pl.'s Resp. Defs.' Mot. Dismiss [Doc. No. 21], p.12. Based solely on these arguments, Plaintiff concluded that "the Agreement itself, Exhibit "A" to the Complaint, establishes . . . [Plaintiff's] entitlement to its earned fees . . . ." *Id.* p.13.

Plaintiff's current arguments in favor of a different contractual interpretation than the one previously reached by the Court are not based on any change in the law or new evidence, and are not designed to correct a clear error or injustice. They are, quite simply, a belated effort to revisit issues fully considered and already decided. Plaintiff did not previously argue that it secured payment and performance bonds for FSAI as part of a financial package that fell within the meaning of "financing" and entitled Plaintiff to a percentage payment on the closing date, as provided in Appendix I to the Engagement Agreement. *See* Pl.'s Mot. Post-Trial Relief, Ex. 1 [Doc. No. 43-1], p.14. Nor did Plaintiff previously allege or argue that a lump-sum contract with a subcontractor created a mutually beneficial arrangement such that it should be viewed as a contractual alliance between two enterprises amounting to a "strategic partnership," as Plaintiff now contends. Further, in addition to being newly asserted, Plaintiff's current argument that the Court unduly focused on these terms overlooks the fact that the Engagement Agreement contained two types of payment provisions, only

6

one of which was the subject of Plaintiff's breach of contract claim and described particular contingencies under which percentage fees would become due.[4] The parties' arguments regarding the Rule 12(b)(6) motion focused on the terms that triggered these contingencies, and invited the Court to apply them to the factual allegations of Plaintiff's pleading. Plaintiff cannot now be heard to complain that the Court limited its decision to the issues presented or failed to consider an unarticulated understanding or usage of the parties. Therefore, the Court finds that Plaintiff's belated assertion of different legal and factual arguments is an improper basis to obtain Rule 59(e) relief.

To the extent Mr. Wauahdooah's understanding of the contract constitutes new and relevant evidence, Plaintiff also fails to show that factual allegations or argument based on his testimony warrants post-judgment relief. "Where a party seeks Rule 59(e) relief to submit additional evidence, 'the movant must show either that the evidence is newly discovered [or] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence.'" *Somerlott*, 686 F.3d at 1153 (quoting *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992)). Plaintiff does not contend Mr. Wauahdooah's statements were previously unavailable or were unknown despite diligent efforts. More importantly, the dismissal was decided under Rule 12(b)(6), and thus, matters outside the Second Amended Complaint

---

[4] The payment provisions are set forth in Appendix I to the Engagement Agreement and authorize 1) hourly fees for listed services and 2) contingent fees based on either the amount of "financing" if FSAI "consummate[d] one or more financings with . . . a financing source introduced to [FSAI] by [Plaintiff]" or the "aggregate amount of the transaction" if FSAI "reach[ed] an agreement with a strategic partner(s) introduced or developed for [FSAI] by [Plaintiff]." *Id.*

could not properly be considered. Thus, this argument presupposes a timely motion by Plaintiff to amend its complaint to add factual allegations regarding ambiguity or past custom and usage of the parties. Plaintiff filed no such motion.[5]

For these reasons, the Court declines to grant Plaintiff relief from its finding that the Second Amended Complaint contained insufficient factual allegations to state a plausible breach of contract claim based on FSAI's failure to pay Plaintiff contingent compensation allegedly due under the Engagement Agreement.

**B.      Further Amendment of Plaintiff's Pleading**

The Court's finding that Plaintiff was not entitled to further amend its pleading was stated in a footnote because the issue was raised *sua sponte* and was not addressed by the parties' briefs. *See* Order at *8, n.4. The Court noted that denial of leave to amend was within its discretion where Plaintiff had not filed a timely motion and where Plaintiff had made prior amendments but still failed to state a plausible claim. Plaintiff now asks the Court to amend its Order to permit another amendment "to plead facts establishing the parties' true intent in the Engagement Agreement pursuant to their custom and usage." *See* Pl.'s Mot. Post-Trial Relief [Doc. No. 43], p.11. Plaintiff bases this request on the liberal amendment policy of Fed. R. Civ. P. 15(a). *See id.* p.10 (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002), but omitting internal quotation of Rule 15(a)).

---

[5] In fact, Plaintiff still has filed no Rule 15(a) motion, electing instead to include a request to amend within its Rule 59(e) motion and providing no actual pleading that it proposes to file. *See* LCvR15.1 ("A party moving to amend under Fed. R. Civ. P. 15(a)(2) to amend a pleading . . . must attach the proposed pleading as an exhibit to the motion.").

8

Defendant responds, correctly, that Rule 15(a)'s presumption of freely-granted leave to amend "is reversed in cases, such as here, where a plaintiff seeks to amend a complaint after judgment has been entered and a case has been dismissed." *See Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) (internal quotation omitted). A post-judgment amendment may properly be denied "when, as here, the moving party had an opportunity to seek the amendment before entry of judgment but waited until after judgment before requesting leave." *Id.* at 1088. In this case, Plaintiff did not request – either in its brief opposing dismissal or by a properly filed motion – to amend its pleading to cure any deficiency found by the Court or to supply any factual allegations necessary to state a plausible claim. Even now, only through argument in Plaintiff's current brief regarding additional theories of contract interpretation that could have been advanced before judgment, does Plaintiff suggest any factual allegations that might cure the deficiency in its breach of contract claim against FSAI.

Unless the Court vacates its dismissal order and reopens the case, Plaintiff's implied Rule 15(a) motion cannot be considered. *See Tool Box*, 419 F.3d at 1088. Under the circumstances presented, the Court finds no basis to alter its prior finding that further amendment of Plaintiff's Second Amended Complaint is not warranted.

## Conclusion

For these reasons, the Court finds that Plaintiff has failed to justify its request to amend the Order and either vacate the Rule 12(b)(6) dismissal or authorize Plaintiff to file a third amended complaint.

9

IT IS THEREFORE ORDERED that Plaintiff's Motion for Post-Trial Relief Pursuant to Federal Rule of Civil Procedure 59(e) [Doc. No. 43] is DENIED.

IT IS SO ORDERED this 30th day of November, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE