IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TEAM SYSTEMS INTERNATIONAL, )
LLC, )
          )
       Plaintiff )
          )
v. )    Case No. CIV-14-1018-D
          )
JEFF HAOZOUS, ALSO KNOWN AS )
JEFF HOUSER, INDIVIDUALLY, )
AND AS PRESIDENT OF FORT SILL )
APACHE INDUSTRIES AND CHIEF )
EXECUTIVE OFFICER OF FORT SILL )
APACHE INDUSTRIES BOARD OF )
DIRECTORS, *et al.*, )
          )
       Defendants. )

# O R D E R

Before the Court is Defendants' Motion for Attorneys' Fees [Doc. No. 33], filed by

Defendants Jeff Haozous, Fort Sill Apache Industries Board of Directors, and Fort Sill

Apache Industries, pursuant to Fed. R. Civ. P. 54. Plaintiff has timely opposed the Motion,

which is fully briefed.[1]

## Factual and Procedural Background

Plaintiff Team Systems International, LLC commenced this breach of contract action

against Jeff Haozous, also known as Jeff Houser, individually and in various representative

capacities ("Chairman Haozous"), Fort Sill Apache Business Committee, Fort Sill Apache

Industries ("FSAI") and its board of directors, and Fort Sill Apache Casino. Upon

---

[1] The movants filed a timely reply brief pursuant to LCvR7.1(i), which has been considered.

examination of the Complaint, the Court found insufficient allegations to satisfy 28 U.S.C. § 1332(a), which was asserted as the basis of federal subject matter jurisdiction. *See* Order of Sept. 23, 2014 [Doc. No. 7]. Plaintiff amended its pleading to cure this deficiency and, in so doing, voluntarily dismissed some of the originally named defendants.

The remaining defendants moved for dismissal under Rule 12(b)(1) and (b)(6). Upon consideration of the jurisdictional motion, the Court viewed Plaintiff's pleading "as asserting claims against Chairman Haozous individually and FSAI," and rejected their defense of sovereign tribal immunity. *See Team Sys. Int'l, LLC v. Haozous*, No. CIV-14-1018-D, 2015 WL 2132479, *2, *4-5 (W.D. Okla. May 7, 2015).[2] Proceeding to address the sufficiency of Plaintiff's pleading, the Court found the Second Amended Complaint did not state a claim on which Chairman Haozous could be held personally liable, and Plaintiff's factual allegations failed to state a plausible breach of contract claim against FSAI when read in light of the unambiguous terms of the written contract. *See id*. *6,7-8. Because Plaintiff did not move to amend its pleading and prior amendments had been ineffectual, the Court entered a judgment of dismissal. *Id*. *8 & n.4.[3]

By the instant Motion, the prevailing defendants seek an award of attorney fees in the amount of $32,530.25 under the fee-shifting statute cited in Plaintiff's pleading, Okla. Stat.

---

[2] The Court also found FSAI's board of directors was not a suable entity and the action against Chairman Haozous in his official capacities was an action against the entities of which he was an officer.

[3] Plaintiff has taken an appeal to the Tenth Circuit, No. 15-6101, which remains pending.

tit. 12, § 936.[4]  The requested amount is based on affidavits and supporting documentation

submitted by counsel of record, Lyndon Whitmire, regarding time spent by his firm on this

matter, and other counsel for the movants, Valerie Rose Devol, regarding time spent by her

firm on this case as either counsel of record or "corporate and/or general counsel for the Fort

Sill Apache Tribe of Oklahoma and its affiliated entities/agencies."  *See* Devol Aff. [Doc.

No. 33-2], pp.1-2.  The supporting documents are copies of the two law firms' billing

statements showing legal services provided to FSAI, but containing redactions of text that

the movants contend are necessary to preserve attorney-client confidentiality and protect

attorney work product.

Plaintiff does not dispute the movants' entitlement to a fee award under § 936, but

challenges the reasonableness of the amount sought and the manner in which Defendants

seek to establish it.  Specifically, Plaintiff objects to the submission of redacted billing

statements from which detailed descriptions of tasks performed and persons consulted have

been obliterated, and invoices that contain "block billing" entries.  "The term 'block billing'

refers to 'the time-keeping method by which each lawyer and legal assistant enters the total

daily time spent working on a case, rather than itemizing the time expended on specific

tasks.'"  *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998) (quoting

*Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n.15 (10th Cir. 1996)).

---

[4] Defendants also propose that the Court tack on an additional $3,000 for preparing the Motion and exhibits and for a "Reply (if necessary), and attending any scheduled hearing(s) on the issue of attorneys' fees."  *See* Defs.' Mot. Atty Fees [Doc. No. 33], pp.6-7.  No legal or factual basis for this unusual request is presented, and the Court declines to consider it.

3

## Standard of Decision

In a diversity case such as this, an award of attorney fees is "a substantive matter controlled by state law." *See Combs v. Shelter Mut. Ins. Co*., 551 F.3d 991, 1001 (10th Cir. 2008); *N. Tex. Prod. Credit Ass'n v. McCurtain Cty. Nat'l Bank*, 222 F.3d 800, 817 (10th Cir. 2000). The parties in this case have agreed that Oklahoma law governs their dispute,[5] and specifically regarding an award of attorney fees, they agree Oklahoma law is controlling. *See* Defs.' Mot. Att'y Fees [Doc. No. 33], pp.4-5; Pl.'s Resp. Br. [Doc. No. 42], pp.2-3,7. Oklahoma follows the American Rule, which generally requires "a specific statute or a contractual provision allowing recovery of [attorney] fees." *See Barnes v. Okla. Farm Bureau Mut. Ins.* Co., 11 P.3d 162, 178-79 (Okla. 2000). As stated *supra*, there is presently no dispute in this case that the moving defendants, as the prevailing parties, are entitled to an award by statute, Okla. Stat. tit. 12, § 936(A).

"An award of fees under section 936 is mandatory; however, in all cases the amount of fees awarded must be reasonable." *JLEE Co. v. Reneau Seed Co*., 332 P.3d 297, 300 (Okla. Civ. App. 2014) (internal quotation and citations omitted). "The determination of reasonableness and the amount of the fee awarded are generally left to the sound discretion of the district court." *Id.* (internal quotation omitted). The Oklahoma Supreme Court announced in *State ex rel. Burk v. City of Oklahoma City*, 598 P.2d 659, 661 (Okla. 1990),

---

[5]  Plaintiff brought suit for breach of a written contract, or "Engagement Agreement," which expressly provided that Oklahoma law would govern its validity, construction, scope, and performance.

"the criteria for determining a reasonable attorney's fee."  *See Morgan v. Galilean Health Enters., Inc*., 977 P.2d 357, 364 (Okla. 1998).  As recently explained by the supreme court:

> An attorney seeking an award must submit detailed time records and offer evidence of the reasonable value of the services performed based on the standards of the legal community in which the attorney practices.  Thereafter, steps are taken to determine a reasonable fee.  First, from the detailed time records, a lodestar fee is arrived at by multiplying the attorney's hourly rate by the hours expended.  Second, the fee may be enhanced by application of the *Burk* factors.  Finally, any fee so calculated is subject to the rule that it must be reasonable and bear some reasonable relationship to the amount in controversy.

*Spencer v. Okla. Gas & Elec. Co.*, 171 P.3d 890, 895 (Okla. 2007) (footnotes omitted); *see Oliver's Sports Ctr. v. Nat'l Standard Ins. Co*., 615 P.2d 291, 295 (Okla. 1980).  "The factors set out in *Burk v. Oklahoma City* are:  time and labor required; novelty and difficulty of the questions; skill requisite to perform the legal service; preclusion of other employment; customary fee; whether the fee is fixed or contingent; time limitations; amount involved and results obtained; experience, reputation and ability of the attorneys involved; risk of recovery; nature and length of relationship with the client; and awards in similar causes." *Spencer*, 171 P.3d at 895; *see Oliver's Sports*, 615 P.2d at 295.  However, the supreme court has "rejected a simple mathematical formula of hours multiplied by hourly rate that might reward inexperience and inefficiency."  *See In re Adoption of Baby Boy A*, 236 P.3d 116, 125 (Okla. 2010); *see also Oliver's Sports*, 615 P.2d at 295; *Robert L. Wheeler, Inc. v. Scott*, 777 P.2d 394, 398-99 (Okla. 1989).  In determining a reasonable fee, a district court must examine  a law firm's billing statements, "cull through the charges for legal services and reject 1) any unreasonable number of hours for the legal service performed, 2) any duplicate

5

billing, [and] 3) any stacking of hours for two or three attorneys to perform the same legal service." *See Baby Boy A*, 236 P.3d at 129.

## Discussion

The first issue presented by Plaintiff's objection to the movants' fee request is the adequacy of the attorneys' redacted billing statements to establish the value of the legal services performed in connection with the case. Plaintiff argues, correctly, that the obliterations make it impossible to know exactly what activities the attorneys engaged in and whether the hours expended on specific tasks were reasonable. For example, litigation counsel has redacted from the descriptions of services in his law firm's billing statements, portions stating what research was done and what conferences were held, so that a typical entry states: "Research regarding ------------; Conference call with -------------; Review ------------." *See* Whitmire Aff. [Doc. No. 33-1], attach. p.6 (ECF page numbering). Corporate counsel has made similar, arguably more intrusive redactions, removing descriptions of the subjects of their review, analysis, research, and consultations with the client. *See* Devol Aff., [Doc. No. 33-2], attach. pp.6-8 (ECF page numbering). Even an entry regarding a litigation attorney's work states: "Continued analysis of ------------; development of -------------; analysis of -------------; work on motion to dismiss." *Id*. p.7. Plaintiff's position is simply that a lodestar calculation cannot be made based on the evidence presented because the attorneys have not satisfied their obligation to provide evidence of the reasonable value of their services.

The second issue presented by Plaintiff's objection is whether the lodestar amount should be reduced to account for the use of block-billing entries in the law firm invoices submitted in support of the Motion. The Tenth Circuit has declined "to craft a rule of law requiring a reduction in fees when attorneys have block billed." *See Flying J Inc. v. Comdata Network, Inc*., 322 F. App'x 610, 617 (10th Cir. 2009);[6] *see also Cadena v. Pacesetter Corp*., 224 F.3d 1203, 1215 (2000) ("this court has not established a rule mandating reduction or denial of a fee request if the prevailing party submits attorney-records which reflect block billing"). However, the court of appeals has stated:

> Use of this rather imprecise practice [of recording large blocks of time without separating the tasks into individual entries or elaborating on the amount of time each task took] may be strong evidence that a claimed amount of fees is excessive. Even so, we remain convinced that the decision whether block billing indicates an unreasonable claim should remain with the district court who should be allowed to exercise its discretion accordingly.

*Flying J*, 322 F. App'x at 617. One solution that district courts have devised is to require attorneys to supplement block-billed statements with copies of contemporaneous time records containing itemized entries or detailed descriptions of specific tasks. *See*, *e.g.*, *MCC Mgmt. of Naples, Inc. v. Int'l Bancshares Corp*., No. CIV-06-1345-M, 2010 WL 3824169, *2 (W.D. Okla. Sept. 28, 2010). The movants in this case admit their corporate counsel's block-billed entries encompass tasks unrelated to the litigation; the billing statements submitted by Devol & Associates contain handwritten notations adjusting particular entries to exclude time spent on tasks that were not relevant to the case.

---

[6] Unpublished opinion cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1.

Under the circumstances presented, the Court concludes a finding of reasonableness cannot be made for the requested fee award of $32,530.25 based on the documents submitted to date. In reaching this conclusion, the Court notes the movants do not seek an enhanced fee award based on the *Burk* factors, and it appears the amount sought bears a reasonable relationship to the amount in controversy.[7] However, the Court cannot determine whether a lodestar calculation based on the law firms' billing statements represents a reasonable value of the services performed.[8] Even the redacted documents reflect a failure of Defendants' attorneys to exercise the "billing judgment" required to comply with Oklahoma law regarding recoverable fees. *See Silver Creek Inv., Inc. v. Whitten Const. Mgmt., Inc.*, 307 P.3d 360, 370 (Okla. Civ. App. 2013) (observing that "'billing judgment' is an important component in fee setting. . . . Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority.") (internal quotation omitted); *see also Okla. Nat. Gas Co. v. Apache Corp.*, 355 F. Supp. 2d 1246, 1262-63 (N.D. Okla. 2004) (exercise of billing judgment may require a reduction of time billed by multiple attorneys).

In this case, a review of the law firms' billing statements indicates to the Court that a more careful review of unredacted, contemporaneous time records may be needed to ensure

---

[7] By this action, Plaintiff sought to recover damages of almost $3 million allegedly due under a written contract providing for contingent compensation to Plaintiff if it performed certain services for FSAI and satisfied certain conditions. *See* Compl. [Doc. No. 1], ¶ 12; Am. Compl. [Doc. No. 8], ¶ 12; Second Am. Compl. [Doc. No. 12], ¶ 12.

[8] Plaintiff does not dispute the reasonableness of the billing rates of the attorneys who devoted time to the case (ranging from $195 to $250 per hour), but Plaintiff does object to an award based on the total amount of time claimed for the services provided to FSAI.

the movants recover only for compensable work. "Trial judges have wide discretion in making reductions based on estimates of time spent on activities that are non-compensable in whole or in part." *Parsons v. Volkswagen of Am., Inc*., 341 P.3d 662, 671 (Okla. 2014). As one example of non-compensable time in this case, the Devol law firm has included paralegal time for locating and copying billing statements to be used for the fee request. *See* Devol Aff. [Doc. No. 33-2], p.11. The Oklahoma Supreme Court has authorized the consideration of time charged for work by paralegals if it "otherwise would have had to have been performed by a licensed attorney at a higher rate." *See Taylor v. Chubb Group of Ins. Cos*., 874 P.2d 806, 809 (Okla. 1994) (emphasis omitted). However, charges "for time spent in copying documents and in doing other secretarial tasks, rather than substantive legal work . . . are not includable in attorneys fees." *Id*.

The redacted billing statements also reflect many telephone or interoffice conferences involving several attorneys at one firm or between firms, in which participants appear to have billed time for conferring with one another. Multiple time keepers billing for the same work may warrant a reduction for duplication of effort. *See*, *e.g.*, *Okla. Nat. Gas*, 355 F. Supp. 2d at 1263. Accordingly, the Court finds that more detailed documentation of the attorneys' time is necessary and that an *in camera* submission of contemporaneous, detailed time records should be made.

## Conclusion

For these reasons, the Court finds that the movants are entitled to a reasonable award of attorney fees but they have failed to substantiate their request for an award in the amount

of $32,530.25.  The movants will be permitted to submit *in camera* for review by the Court contemporaneous time records showing the services performed and the amount of time spent on specific tasks.

IT IS THEREFORE ORDERED that Defendants' Motion for Attorneys' Fees [Doc. No. 33] is GRANTED in part and DENIED in part, as set forth herein.  The *in camera* submission required by this Order shall be made within 7 days from the date or this Order.

IT IS SO ORDERED this 11th day of March, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE