IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TEAM SYSTEMS INTERNATIONAL, )
LLC, )
             )
         Plaintiff )
             )
v. )     Case No. CIV-14-1018-D
             )
JEFF HAOZOUS, also known as Jeff )
Houser, Individually, and as President of )
Fort Sill Apache Industries and Chief )
Executive Officer of Fort Sill Apache )
Industries Board of Directors, *et al*., )
             )
         Defendants. )

# **O R D E R**

This matter comes before the Court on Plaintiff's Motion to Stay Proceedings on

Attorney Fee Application Pending Resolution of Related Appeal [Doc. No. 64] and

Plaintiff's Motion for Extension of Time to Respond to Application for Appeal-Related

Attorney Fees [Doc. No. 65], both filed September 20, 2016. Defendants Jeff Haozous, Fort

Sill Apache Industries Board of Directors, and Fort Sill Apache Industries (hereafter,

"Defendants") have timely opposed both Motions, which are fully briefed.

Both Motions seek to delay Plaintiff's response to Defendants' Motion for Appeal-

Related Attorneys' Fees [Doc. No. 62]. Plaintiff first requests a stay of further proceedings

regarding Defendants' Motion while Plaintiff pursues an appeal of this Court's prior award

of attorney fees to Defendants. Plaintiff also asks the Court to extend the deadline for filing

a response to Defendants' Motion until the request for a stay is decided. If no stay is ordered, Plaintiff proposes to file its response within 10 days after the order denying a stay.

Defendants' Motion was filed August 31, 2016, pursuant to an order of the Tenth Circuit granting a motion for appeal-related attorney fees that Defendants filed in that court, and directing this Court to determine a reasonable amount of attorney fees to be awarded to Defendants for successfully defending the appeal. The court of appeals affirmed this Court's dismissal of Plaintiff's action for failure to state a claim. *See Team Sys. Int'l, LLC v. Haozous*, No. 15-6101, 2016 WL 3891575 (10th Cir. July 15, 2016).

Before Defendants' Motion was filed, this Court issued an order and entered a judgment awarding Defendants an attorney fee of $28,331.00 for their successful defense of the original action. *See* Order 8/19/16 [Doc. No. 60]; J. Awarding Att'y Fees [Doc. No. 61]. On September 16, 2016, Plaintiff appealed the award, and then filed the instant Motions. Plaintiff urges the Court to await the Tenth Circuit's disposition of the new appeal because Plaintiff believes it is likely to succeed in overturning the first award and believes Defendants' Motion for Appeal-Related Attorneys' Fees presents similar issues.

With due respect for the earnestness of Plaintiff's beliefs, the Court finds that Plaintiff's reasons for delaying a ruling on Defendants' Motion have a faulty premise. Plaintiff points to a similarity between the time records that Defendants' attorneys submitted in support of their original fee request and the ones presented with Defendants' Motion for Appeal-Related Attorneys' Fees. Both contain redactions of billing entries. But there the similarity ends.

Defendants' original submissions were so heavily redacted (to protect privileged communications and work-product pending the final disposition of the case) that meaningful review of the particular work performed by the attorneys was not possible and a reasonable value of their services could not be determined. Plaintiff objected to the fee application on this basis, among others, and the Court agreed. *See* Order 3/11/16 [Doc. No. 55] (granting in part and denying in part Defendants' motion for attorney fees). The Court directed Defendants' attorneys to submit for *in camera* review unredacted, "contemporaneous time records showing the services performed and the amount of time spent on specific tasks." *Id*. p.10. Plaintiff intends to challenge on appeal the Court's use of an *in camera* submission.[1]

In contrast, Defendants' current submissions do not contain any redactions of the relevant time entries for services related to their successful appeal. The attorneys' billing records present a complete description of the work done by each attorney for time included in the lodestar calculation of a fee award. *See* Whitmire Aff., ¶¶ 6-7 & Ex. 1 [Doc. No. 62-5], pp.5-17; Devol Aff., p.2 & Ex. 1 [Doc. No. 62-6], pp.9-14 (ECF page numbering). The redactions have no bearing on Defendants' appellate fee request, and no *in camera* submission will be needed. Thus, no overlapping issue between the two fee applications is apparent.

---

[1] Plaintiff now contends this procedure was in error, although Plaintiff made no objection to it before the Court completed its review and determined the amount of a reasonable fee. The Court ordered the *in camera* submission in March 2016, but Plaintiff remained silent until the Court made the fee award in August 2016. Notably, Plaintiff did not request a stay of the original attorney-fee proceedings pending the conclusion of its appeal on the merits.

In reply to this argument by Defendants, Plaintiff argues that due to the redactions of the attorneys' time records "it cannot meaningfully compare Defendants' current submission (related to fees incurred on appeal) and their previous submission (related to their initial work in the district court) to determine whether any unreasonable overlap and/or duplication exists." *See* Pl.'s Reply Br. [Doc. No. 72], p.4. Plaintiff speculates that "some of the hours in Defendants' current submission [may] be revealed post-appeal as duplicative of their prior submission." *Id*. The Court knows this speculation to be false, and its falsity is apparent from the publicly available case record.

All of the services for which Defendants sought compensation in their original submission predated the filing of the original motion for attorney fees on May 21, 2015. Plaintiff took its first appeal on May 29, 2015, but the appeal was abated on June 12, 2015, because Plaintiff also filed a post-judgment motion to reconsider under Fed. R. Civ. P. 59. Aside from the filing of periodic status reports, there was no activity in the appeal until the Tenth Circuit lifted the abatement of the appeal on December 1, 2015. With minor exceptions, the time records submitted with Defendants' Motion for Appeal-Related Attorneys' Fees concern services provided in 2016. Defendants' prior fee award relied on billing records regarding services primarily rendered in 2014; the exception is a limited amount of services related to the original fee application in May 2015. There is no overlap between the two fee applications.

For these reasons, the Court finds no useful purpose would be served by staying a determination of Defendant's appeal-related fee award, which the Tenth Circuit has directed

this Court to make, simply because Plaintiff has elected to appeal the first award of attorney fees on an unrelated issue. Instead, Plaintiff should be required to respond to Defendants' Motion so that the Court's task can be completed in a timely manner.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Stay Proceedings on Attorney Fee Application Pending Resolution of Related Appeal [Doc. No. 64] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Extension of Time to Respond to Application for Appeal-Related Attorney Fees [Doc. No. 65] is GRANTED. Plaintiff shall respond to Defendants' Motion for Appeal-Related Attorneys' Fees [Doc. No. 62] within 10 days from the date of this Order.

IT IS SO ORDERED this 1st day of November, 2016.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE