IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TEAM SYSTEMS INTERNATIONAL, LLC, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | Case No. CIV-14-1018-D |
| JEFF HAOZOUS, also known as Jeff Houser, Individually, and as President of Fort Sill Apache Industries and Chief Executive Officer of Fort Sill Apache Industries Board of Directors, *et al.*, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

# **O R D E R**

Before the Court for decision is Defendants' Motion for Appeal-Related Attorneys' Fees [Doc. No. 62], filed by Jeff Haozous, Fort Sill Apache Industries Board of Directors, and Fort Sill Apache Industries (hereafter, "Defendants"). The Motion was filed pursuant to an order of the Tenth Circuit granting a motion for attorney fees filed in that court, and directing this Court to determine a reasonable amount to be awarded to Defendants as prevailing parties in Appeal No. 15-6101. In that appeal, the Tenth Circuit affirmed the dismissal of this action under Fed. R. Civ. P. 12(b)(6). *See Team Sys. Int'l, LLC v. Haozous*, 656 Fed. App'x 907 (10th Cir. 2016).[1] By the instant Motion, Defendants seek an award of $28,331.00 as a reasonable amount of attorney fees incurred in the appeal.

---

[1] In a second appeal, No. 16-6277, Plaintiff challenges this Court's Order of August 19, 2016, and a judgment awarding Defendants an attorney fee of $29,234.47 as prevailing parties in the original action. *See* Order 8/19/16 [Doc. No. 60]; J. Awarding Att'y Fees [Doc. No. 61].

Plaintiff Team Systems International, LLC opposes Defendants' Motion on the general ground that the amount sought for appeal-related fees is excessive and should be reduced. Although not expressly stated in its brief, Plaintiff agrees with Defendants on a number of key points, including the manner of calculating a fee award under Oklahoma law, which governs the attorney fee issues.

First, the Court determines a lodestar amount "by multiplying the attorney's hourly rate by the number of hours expended" on the appeal. *Spencer v. Okla. Gas & Elec. Co.*, 171 P.3d 890, 895 (Okla. 2007); *see* Pl.'s Resp. Br. [Doc. No. 75] at 3. Plaintiff does not challenge the reasonableness of the hourly rates charged by Defendants' counsel, but instead argues that the attorneys' time records reflect an excessive number of hours spent on Defendants' appellate brief and are flawed in certain respects, including that the time records lack sufficient detail and contain block billing.[2]

Second, the Court may consider whether to enhance the lodestar amount based on the consideration of factors enumerated in *Burk v. Oklahoma City*, 598 P.2d 659 (Okla. 1979). *See Spencer*, 171 P.3d at 895. Here, Plaintiff contends a reduction should be made based on certain *Burk* factors, such as the "'time and labor required; novelty and difficulty of the questions; and the amount involved and the results obtained." *See* Pl.'s Resp. Br. [Doc. No. 75] at 3 (citing *Burk*, 598 P.2d at 661).

---

[2] "The term 'block billing' refers to 'the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *Robinson v. City of Edmond*, 160 F.3d 1275, 1284 n.9 (10th Cir. 1998) (quoting *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n.15 (10th Cir. 1996)).

As an initial matter, Plaintiff renews an objection previously rejected by the Court. Before filing its response, Plaintiff moved for a stay of these proceedings until the Tenth Circuit decides a pending appeal in which Plaintiff challenges this Court's prior award of attorney fees to Defendants for their successful defense of the original action. *See supra* note 1. The Court denied the motion because it found no merit in Plaintiff's objection to going forward during the appeal. *See* Order 11/1/16 [Doc. No. 73]. Plaintiff now re-asserts its position that there may be an overlap between the work done at the district court and appellate court levels but a duplication of services cannot be determined on the present record.[3] As before, the Court finds that no overlap is apparent, and the Court further finds that any duplication is immaterial. Where, as here, the same attorneys represent a party before both the trial and appellate courts and there is a time lag between the original and the appellate briefing, some time may reasonably be spent reviewing and updating prior work. This time would not be considered duplicative, any more than similar work by new counsel hired for an appeal (as Plaintiff did here) would be so considered.[4]

---

[3] In its response brief, like its brief regarding a stay, Plaintiff complains that it cannot compare defense counsel's original time records with their appeal-related ones because the Court permitted Defendants to submit redacted time records in support of the original fee award and determined the award based on an *in camera* review of unredacted, contemporaneous time records. *See* Pl.'s Resp. Br. [Doc. No. 75] at 2-3; Pl.'s Reply Br. [Doc. No. 72] at 4.

[4] New counsel entered an appearance for Plaintiff after the dismissal was ordered and filed the notice of appeal and a motion for reconsideration; he did not enter an appearance in Appeal No. 15-6101.

The Court also rejects Plaintiff's contention that Defendants have failed to provide sufficient support for their Motion.[5] Plaintiff complains that the time records submitted by Defendants' attorneys contain block-billing entries. In making the original fee award, the Court found that the use of block billing, among other things, warranted an examination of the attorneys' contemporaneous time records and itemized statements and, ultimately, a reduction of the lodestar amount. *See* Order 3/11/16 [Doc. No. 55] at 7-8; Order 8/19/16 [Doc. No. 60] at 2-3. Acknowledging this concern, Defendants' attorneys have supplemented their present billing statements by providing an exhibit that itemizes tasks in block-billed entries based on additional information from contemporaneous time records. *See* Whitmire Aff., Ex. 2 [Doc. No. 62-5] at 16-17 (ECF page numbering). Plaintiff also complains that general billing entries, such as "work on appeal brief," fail to describe specific tasks performed and are insufficient. *See* Pl.'s Resp. Br. [Doc. No. 75] at 7. While more specific descriptions would be helpful, the Court finds that counsel's billing statements provide sufficient information to permit a determination of whether the amount of time spent preparing Defendants' appellate brief was excessive, as argued by Plaintiff.

The ultimate question is whether the amount sought by Defendants for legal services related to the appeal is reasonable. Defendants' attorneys billed their clients for a total of 120 hours of legal work.[6] Contrary to Plaintiff's arguments, not all of this time was spent

---

[5] One alleged deficiency – that Defendants failed to provide this Court with a copy of their appellate brief – was remedied by Defendants' subsequent submission of copies of the parties' opening and answer briefs. *See* Defs.' Reply Br., Exs. 1 & 2 [Doc. Nos. 76-1 and 76-2].

[6] The supporting documentation shows that the attorneys exercised billing judgment and did not bill for all of the time they spent working on the appeal.

working on the appellate brief, and not all of the appellate issues had been fully briefed in the district court. Due to the litigation decisions made by Plaintiff, Defendants could not simply repackage their original arguments on appeal.[7] The Court also is not persuaded by Plaintiff's argument that 120 hours is unreasonable because it includes time spent by six attorneys working on the appeal. This number of attorneys is not excessive in relation to the issues presented in the merits appeal and the amount in controversy. Further, while Plaintiff is correct that the billing records contain numerous entries for time spent by the attorneys conferring with one another and working collaboratively on Defendants' brief, the Court finds no significant duplication of billing. With minor exceptions, the attorneys involved in office conferences did not all bill Defendants for the conference, and a significant amount of collaboration was accomplished by email.

Nevertheless, as with the original fee award, the Court's examination of the time records submitted by Defendants' counsel reveals the existence of some unsupported block-billing entries and some duplication of services by the multiple attorneys who worked on the appeal. The Court again finds that a minor adjustment of the lodestar amount is warranted and that a ten-percent reduction is appropriate to yield a reasonable fee award for legal services related to the appeal. The amount of attorney fees to be awarded for the appeal is calculated as follows: Phillips Murrah, P.C., $25,667.50, plus

---

[7] Plaintiff appealed the dismissal of the action and then filed a district-court motion seeking reconsideration of the dismissal. The Tenth Circuit abated the appeal pending a ruling on the motion for reconsideration, and required the parties to file periodic status reports. After this Court denied the motion, Plaintiff filed an amended notice of appeal. Plaintiff's appellate brief advanced additional arguments on appeal that had not originally been made to this Court.

Devol & Associates, $2,663.50, totals $28,331.00. Applying a 10% reduction to the total, the amount of the award is $25,498.00. Therefore, the Court finds that the sum of $25,498.00 represents a reasonable fee award to Defendants for their successful defense of Plaintiff's merits appeal.

IT IS THEREFORE ORDERED that Defendants' Motion for Appeal-Related Attorneys' Fees [Doc. No. 62] is GRANTED, as set forth herein. The Court approves an award of attorney fees to Defendants Jeff Haozous, Fort Sill Apache Industries Board of Directors, and Fort Sill Apache Industries in the amount of $25,498.00 as the prevailing parties in Appeal No. 15-6101. A separate judgment for appeal-related attorney fees shall be entered.

IT IS SO ORDERED this 12th day of May, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE